IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| W&W STEEL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-2613-RDR |
| | ) |
| BSC STEEL, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon BSC Steel, Inc.'s motion to amend counterclaims and third-party complaint (ECF No. 40). Plaintiff and counterdefendant W&W Steel, LLC and third-party defendant Liberty Mutual Fire Insurance Company oppose the motion. For the reasons stated below, the motion is granted in part and denied in part without prejudice to refiling.

**I.     Legal Standard**

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings.[1] At this juncture of the case, BSC Steel may amend only by consent of the opposing parties or by leave of the court, which shall be freely given when justice requires.[2] When leave of the court is required for an amendment, the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *See* Fed. R. Civ. P. 15(a).

[3] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

Plaintiff and counterdefendant W&W Steel, LLC and third-party defendant Liberty Mutual Fire Insurance Company jointly oppose the motion on the ground that the proposed amendments are futile. The court may deny a proposed amendment on the basis of futility "if the amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[4] When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[5]  Therefore, the court will only deny an amendment on the basis of futility when factual allegations fail to "state a claim to relief that is plausible on its face,"[6] or when an issue of law is dispositive.[7]  The party opposing the proposed amendment bears the burden of establishing its futility.[8]

**II.     Discussion**

W&W and Liberty Mutual argue that none of the counterclaims and third-party claims state a claim upon which relief may be granted. In support of this argument, W&W and Liberty Mutual incorporate by reference their memorandum in support of their pending motion to dismiss and their reply brief as to counts I, II, V, VI, VIII, and XI, which appear in both BSC's original pleading and in BSC's proposed amended pleading. The court declines to consider these briefs. W&W and Liberty Mutual are entitled to respond to BSC's pending motion to amend, but

---

[4] *Wenner v. Bank of Am., NA*, 637 F. Supp. 2d 944, 950 (D. Kan. 2009) (internal quotations omitted) (quoting *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*,, 216 F.R.D. 662, 664 (D. Kan. 2003)).

[5] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001)).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7]  *Collins*, 245 F.R.D. at 507 (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

[8] *Boykin v. CFS Enter., Inc.*, No. 08-2249, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008).

they are not entitled to respond three times absent leave of the court. Moreover, this district's local rules impose page limitations on briefs. D. Kan. Rule 7.1(e) states, "The arguments and authorities section of briefs or memoranda must not exceed 30 pages absent a court order." These three briefs together far exceed the page limitations imposed by the local rule. Because W&W and Liberty's response brief does not separately address counts I, II, V, VI, VIII, and XI, the court finds W&W and Liberty have not shown these claims are futile.

Moreover, BSC asserted these claims in its original pleading, and BSC does not appear to have amended them. When evaluating futility, the court considers futility of the proposed *amendments*, not claims already in the case. Screening claims already in the case would serve no practical purpose because in the event the court would deny the motion to amend, these claims would remain. The proper mechanism for attempting to dispose of claims originally asserted would be to file a motion to dismiss, which W&W and Liberty Mutual have done.

W&W and Liberty Mutual do, however, make specific arguments with regard to three of BSC's proposed claims. They argue BSC's proposed negligent misrepresentation and fraudulent misrepresentation claims fail to satisfy Fed. R. Civ. P. 9's heightened pleading requirements. They also argue the Kansas Fairness in Private Construction Contract Act and the Kansas Fairness in Public Construction Contract Act do not apply to the facts of this case. Therefore, BSC should be barred from asserting a claim under either act. The court addresses each of these arguments.

      **A.**  **Kansas Fairness in Private Construction Contract Act and Kansas Fairness in Public Construction Contract Act**

BSC's proposed amended complaint seeks to assert a claim under the Kansas Fairness in Private Construction Contract Act, K.S.A. 16-1801, *et seq.*, only to the extent the Kansas

Fairness in Public Construction Contract Act, K.S.A. 16-1901, *et seq.*, does not govern. W&W and Liberty Mutual argue that neither act applies to federally owned and funded construction projects. They do not cite any controlling authority, however, that definitively establishes that this type of construction project would not be subject to this legislation. In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.[9] For this reason, the court finds W&W and Liberty Mutual have not shown the claim would be futile.

### B.   Negligent Misrepresentation Claim

As to BSC's proposed amendments to its negligent misrepresentation claim, W&W and Liberty Mutual seek to incorporate some arguments asserted in the briefing on their motion to dismiss. For reasons previously discussed, the court will not consider these briefs. Moreover, the motion to dismiss, by its very nature, pertains to BSC's original pleading, not the proposed amendments at issue here.  In its proposed amended pleading, BSC has included additional information in order to tailor its claim to Missouri law. (BSC previously attempted to plead a negligent misrepresentation claim under Kansas law.)

The additional information in BSC's proposed pleading, however, does not render the claim futile. W&W and Liberty Mutual take issue with paragraphs 119-121 in BSC's proposed amended pleading and make various arguments why these alleged misrepresentations representations are not actionable. Two of these paragraphs—119 and 120—appear verbatim in

---

[9] *See Mars v. Novartis Pharm. Corp.*, No. 11-2555-RDR, 2012 WL 1288729, at *3 (D. Kan. Apr. 16, 2012) (finding the party opposing an amendment had not shown futility when courts had taken differing positions about whether punitive damages were available under New Jersey law in a pharmaceutical products liability action).

BSC's original pleading.[10] Because they are not proposed amendments, the court will not address them when ruling on a motion to amend. Paragraph 121 in the proposed amended pleading states that W&W represented to BSC that W&W and MMI were "old friends" and that MMI was a company that W&W had used in the past.[11] This paragraph is substantially the same as paragraph 16 of BSC's original pleading.[12] BSC's negligent misrepresentation claim, as originally pled, incorporates this allegation.[13] So, while BSC's proposed amended pleading includes a separate paragraph under its negligent misrepresentation claim that is expressly devoted to this statement, it does not actually differ from what BSC pled.

W&W and Liberty Mutual also argue the proposed negligent misrepresentation claim does not meet Fed. R. Civ. P. 9(b)'s heightened pleading requirement. The Tenth Circuit has not addressed whether a negligent misrepresentation claim is subject to Rule 9(b)'s heightened pleading requirement.[14] Even if it were, the issues W&W and Liberty Mutual address appear to be associated with the claim as originally pled, not problems specific to the proposed amendments. For these reasons, the court finds that W&W and Liberty Mutual have not shown the amendments to the negligent misrepresentation claim are futile.

### C.   Fraudulent Misrepresentation Claim

---

[10] *See* Answer of BSC Steel, Inc. and Jay Patel to Compl., and BSC Steel, Inc.'s Countercl. and Third-Party Claims. at ¶ 119-120, ECF No. 11.

[11] BSC Steel, Inc.'s First Am. Countercls. And Third-Party Compl. at ¶ 121, ECF No. 40-1.

[12] *See* Answer of BSC Steel, Inc. and Jay Patel to Compl., and BSC Steel, Inc.'s Countercl. and Third-Party Claims. at ¶ 16, ECF No. 11 ("W&W said on January 16, 2011, '[W&W] and MMI are old friends and a company we've used in the past to help us reach certain goals on Project.'")

[13] *Id.* at ¶ 116 (incorporating by reference allegations previously set forth).

[14] *See D&K Ventures, LLC v. MGC, LLC*, No. 09-2084, 2009 WL 1505539, at *8 (D. Kan. May 27, 2009) (recognizing a circuit split with regard to whether Rule 9(b) applies to negligent misrepresentation claims and noting the Tenth Circuit had not yet addressed the issue).

Fed. R. Civ. P. 9 governs pleading special matters. Subsection (b) pertains to pleading fraud or mistake. It provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Tenth Circuit has directed that Rule 9(b) requires that the pleading "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[15]

BSC's proposed amended complaint alleges that W&W and third-party defendant Mortgage Management, Inc. (MMI) supplied false information to BSC.[16] This false information includes the nature of the relationship between W&W and MMI. According to the proposed amended complaint, W&W represented to BSC that it would enter into a subcontract with BSC. BSC alleges that W&W knew this information was false because W&W intended to contract with MMI, which would ultimately contract with BSC. The amended complaint further alleges that W&W represented to BSC that BSC's right to make a bond claim in the event of non-payment would not be impacted by its agreement to enter into the BSC subcontract with MMI. BSC alleges W&W also knew this information was false.

W&W and Liberty Mutual correctly note that these allegations omit key information. BSC fails to include when or where the alleged fraudulent misrepresentations were made. BSC also fails to identify the person or persons who made the alleged fraudulent misrepresentations.[17]

---

[15] *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

[16] BSC Steel, Inc.'s First Am. Countercls. and Third-Party Claims at ¶ 197-198, ECF No. 40-1.

[17] *See In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, No. 05-md-1721-KHV, 2009 WL 2780258, at *3 (D. Kan. 2009) (stating that in the "context of corporate defendants, plaintiffs must identify the specific individuals who made the alleged misrepresentations") (citing *Gottstein v. Natn'l Ass'n for Self-Employed*, 53 F. Supp. 2d 1212, 1218 (D. Kan. 1999)).

6

Because of these omissions, the court will not allow BSC to assert a fraudulent misrepresentation claim at this time. Within seven (7) calendar days from the date of this order, BSC may file an amended complaint that omits the fraudulent misrepresentation claim, or BSC may file a renewed motion for leave to amend its pleading to assert a properly pled fraudulent misrepresentation claim. Any briefing on a renewed motion to amend should focus on the proposed amendments, not claims already in the case or amendments permitted by this order.

### D.   Procedural Deficiencies

BSC's proposed amended pleading is deficient in that it attempts to assert counterclaims outside of an answer. Fed. R. Civ. P. 13 provides that counterclaims must be asserted in a pleading. Fed. R. Civ. P. 7(a) lists pleadings allowed. The subsection does not list counterclaims among recognized pleadings.[18] While the court grants in part BSC's motion to amend, the court directs BSC to include within any amended pleading its answer to the complaint in this case.

Accordingly,

**IT IS THEREFORE ORDERED** that  BSC Steel, Inc.'s motion to amend counterclaims and third-party complaint (ECF No. 40) is hereby granted in part and denied in part without prejudice to refiling.

**IT IS FURTHER ORDERED** that within seven (7) calendar days from the date of this order, BSC may file an amended complaint that omits the fraudulent misrepresentation claim, or BSC may file a renewed motion for leave to amend its pleading to assert a properly pled fraudulent misrepresentation claim. Any amended pleading or proposed amended pleading shall

---

[18] *See also Allied Med. Assocs. v. State Farm Mut. Auto Ins. Co.*, No. 08-2434, 2009 WL 839063, at *2 (E.D. Pa. Mar. 26, 2009) (striking a counterclaim asserted outside of an answer) (citing *Berstein v. IDT Corp.*, 582 F. Supp. 1079, 1089 (D. Del. 1984) (holding that counterclaims and cross-claims filed independent of an answer were not pleadings and were therefore subject to dismissal)); *see also RLJCS Enters., Inc. v. Prof'l Benefit Trust*, No. 03 C 6080, 2004 WL 2033067, at *2 n.4 (N.D. Ill. Sept. 2, 2004) (discussing the requirement that counterclaims be asserted in a recognized pleading, usually an answer).

remedy the procedural deficiency described above.

**IT IS SO ORDERED.**

Dated this 18th day of May, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

8