IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

---

| | |
|---|---|
| W&W STEEL, LLC, | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| v. | ) |
| BSC STEEL, INC., | ) |
| Defendant/Counterclaim Plaintiff/ Third-Party Plaintiff, | ) |
| and | ) Case No. 11-2613-RDR |
| JAY D. PATEL, | ) |
| Defendant, | ) |
| v. | ) |
| MARCUS SALAZAR, d/b/a MATERIALS MANAGEMENT, INC. d/b/a MMI; MORTGAGE MANAGEMENT, INC. d/b/a MARTIALS MANAGEMENT, INC. a/k/a MMI; and LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| Third-Party Defendants. | ) |

---

## MEMORANDUM AND ORDER

This matter is presently before the court upon the following motions: (1) APAC-Kansas, Inc.'s motion to intervene as plaintiff under Rule 24 (Doc. # 48); and (2) American Riggers Supply, Inc.'s motion to intervene as a plaintiff under Rule 24 (Doc. # 64). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

This action arises out of the construction of the Irwin Army Community Hospital located on Fort Riley, Kansas. W & W Steel was awarded a subcontract from Balfour-Walton, a Joint Venture, effective July 12, 2010. W & W Steel agreed to perform the steel erection of the general contract work on the project. W & W Steel then subcontracted some of its work to Materials Management, Inc. (MMI). MMI sub-sub-contracted the steel erection to BSC Steel. Thereafter, BSC Steel entered into a series of lease agreements with APAC where BSC Steel requested and APAC agreed to furnish BSC Steel with certain equipment and labor in the construction of the project and BSC Steel agreed to make payment according to APAC's terms and conditions. American Riggers sold material to BSC Steel for use by BSC Steel in the performance of its subcontract with MMI. APAC and American Riggers seek to intervene to assert claims against BSC Steel, W & W Steel and Liberty Mutual Insurance Company, who issued a payment bond in connection with the subcontract between Balfour-Walton and W & W Steel.

W & W Steel filed its complaint in this case on November 8, 2011 against BSC Steel and Jay Patel. BSC Steel filed its answer and counterclaim against third-party defendants Marcus Salazar, MMI and Liberty Mutual on January 12, 2012. Patel filed an answer on January 13, 2012. Salazar and MMI each filed a motion to dismiss on March

30, 2012. MMI also filed its answer and counterclaim on March 30, 2012. On April 6, 2012, BSC Steel sought to amend its counterclaims and third-party complaint. APAC filed its motion to intervene on May 10, 2012. On May 18, 2012, Magistrate Judge Sebelius granted in part and denied in part BSC Steel's motion to amend. BSC Steel eventually filed an amended answer with amended counterclaims and amended third-party complaint on June 12, 2012. American Riggers filed its motion to intervene on June 15, 2012. MMI and W & W Steel and Liberty Mutual filed motions to dismiss on June 26, 2012.

II.

In its motion, APAC seeks to intervene as a matter of right under Fed.R.Civ.P. 24(a) and, in the alternative, permissively under Fed.R.Civ.P. 24(b). It contends that BSC Steel, W & W Steel and Liberty Mutual are legally obligated to pay it for the equipment and work provided for the project, and have failed to do so. American Riggers seeks to intervene permissively under Rule 24(b). It contends that BSC Steel, W & W Steel and Liberty Mutual are obligated to pay for the materials it supplied for the project. A review of the arguments made by the parties indicates that APAC and American Riggers should be allowed to permissively intervene under Rule 24(b) as plaintiffs in this case. The court finds it unnecessary to consider if APAC is entitled to intervene based upon right under Rule 24(a).

Under Rule 24(b), the court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact. Fed.R.Civ.P. 24(b). Permissive intervention is within the sound discretion of the court. Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992). In deciding the motion, the court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties. See Fed.R.Civ.P. 24(b); Kane Cnty., Utah v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010).

### III.

W & W Steel and Liberty Mutual have argued that permissive intervention should not be allowed because the claims of APAC and American Riggers do not share common questions of fact or law with the claims being litigated in this case. They suggest that the claims of APAC and American Riggers are entirely collateral to the claims here. They further argue that permitting intervention would prejudice the parties and impede judicial economy. APAC and American Riggers have advised the court that BSC Steel has no objection to their intervention in this action.

There has been no argument that the motions of APAC and American Riggers were not timely. They were raised prior to the setting of

a scheduling conference or case management deadlines.  See Sears Roebuck & Co. V. IP of A Salina Central Mall, LLC, 2009 WL 1664614 at * 2 (D.Kan. June 15, 2009).  Thus, the court finds that the motions were timely.

W & W Steel and Liberty Mutual do contend that the claims raised by these parties do not share a common question of law or fact with the underlying action.  They further contend that intervention will unduly delay or prejudice adjudication of the rights of the original parties.

Both APAC and American Riggers rely upon U.S. for the Use and Benefit of Empire Carpet Corp. v. Appalachian Flooring Co., 36 F.R.D. 452 (D.Mass. 1964) for support.  In Empire Carpet, the plaintiff subcontractor brought an action against another subcontractor and the surety on the payment bond for the project.  Meco, Inc., another subcontractor on the project, sought to intervene.  Meco sought to assert another claim on the payment bond.  The court allowed permissive intervention to Meco stating: "Both of these claims [the claims of Empire Carpet and Meco] are against the same bond.  That has been held sufficient to permit intervention." Empire Carpet, 36 F.R.D. at 453 (citing U.S. for the use of Albert Pipe Supply Co. v. Harris-Harmon Well Co., 7 F.R.Serv. 24b.2, Case 6 (D.C.N.Y. 1943)).

W & W Steel seeks distinguish Empire Carpet because here the claims asserted by W & W Steel against BSC Steel do not involve a

5

claim against Liberty Mutual on the payment bond.  W & W Steel further asserts that, assuming arguendo that BSC Steel has a viable third-party claim against Liberty Mutual, the facts and law relating to that claim arise solely from the performance of the MMI-BSC Steel contract, a separate contract from the contract purportedly entered into between BSC Steel and American Riggers or APAC.

The court is not persuaded by the arguments of W & W Steel.  W & W Steel has made no effort to explain why it makes a difference that the claim in Empire Carpet involved a payment bond claim between the original plaintiff and defendant while the payment bond claim in this case arises in a third-party complaint.  For the purposes of determining if the claims of APAC and American Riggers have a common question of law or fact with the "main action," the court believes that we can and should consider those claims raised in third-party complaints.  The term "main action" is broad enough to include third-party claims.

Since the court has determined that APAC and American Riggers satisfy Rule 24(b)(2)'s timeliness and commonality requirements, the court must next exercise its discretion to determine whether "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(3); Degge v. City of Boulder, Colo., 336 F.2d 220, 222 (10th Cir. 1964).  "A finding by the court that the presence of the intervener will not prejudice the

original parties serves to encourage the court to exercise its discretion to allow intervention." 7C Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3rd § 1913 at p. 480 (2007). The court finds that intervention by these parties neither causes delay to the main action nor prejudices the adjudication of the rights of the original parties. The intervention will not unduly delay the main action for the same reason that the motions are timely: the case is at its early stages since there has been no scheduling conferences set. W & W Steel and Liberty Mutual have only suggested that intervention will unduly prejudice them and impede judicial economy because the new parties will insert new claims which unduly delay the adjudication of the rights of the current parties. The court is not persuaded that these additional claims will result in any undue delay or prejudice.

A party seeking permissive intervention under Fed.R.Civ.P. 24(b) must establish a basis for federal subject matter jurisdiction independent of the court's jurisdiction over the underlying action. Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts...."); <u>EEOC v. Nev. Resort Assoc.</u>, 792 F.2d 882, 885 (9th Cir. 1986). W & W Steel and Liberty Mutual have not suggested that subject matter jurisdiction would be lacking if APAC and American Riggers are allowed to intervene in this case. The court finds that diversity

jurisdiction exists for the claims asserted by APAC and American Riggers. Accordingly, the court shall allow APAC and American Riggers to intervene under Rule 24(b).

**IT IS THEREFORE ORDERED** that APAC-Kansas' motion to intervene as a plaintiff under Rule 24 (Doc. # 48) be hereby granted.

**IT IS FURTHER ORDERED** that American Riggers Supply, Inc.'s motion to intervene as a plaintiff under Rule 24 (Doc. # 64) be hereby granted.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2013, at Topeka, Kansas.

                                       s/ Julie A. Robinson
                                       Julie A. Robinson
                                       United States District Judge